BUTMAN *versus* HOBBS *and his trustees,* THE MONMOUTH MUTUAL FIRE INSURANCE COMPANY.

In a trustee process, an issue of fact for the jury may, under some circumstances, be formed between the plaintiff and the trustee.

In the pleadings, forming such an issue, the granting of amendments is at the judicial discretion of the Court.

In certain cases, a trustee may be discharged, if his disclosure show his liability to be doubtful. In cases of *prima facie* liability, dependent upon the facts put in issue, the burden of *full* proof is upon the trustee.

If an insurer should, after a loss of the property by fire, be summoned as trustee of the insured, and should plead that the property was burnt by the insured by design, or by his gross carelessness, the evidence to establish the burning by *design,* must satisfy the jury *beyond a reasonable doubt;* and to establish the burning by gross negligence, there would be stronger reason, requiring *full proof.*

Such a plea, in such a process, was filed by the trustee. His counsel, admitting that the burden of proof upon him was the same as in criminal cases, called for no different rulings as to the strength of evidence, necessary to establish the *gross carelessness* from that, necessary to establish the alleged *design;* nor did it appear from the case, that the evidence was such as to require any difference in the ruling. *Held,* to be no ground for exception, that the instruction to the jury required the *matter relied on in defence* to be proved *beyond any reasonable doubt.*

On Exceptions from *Nisi Prius,* Rice, J. presiding.

Assumpsit.

The questions arose upon the chargeableness of the trustees.

They disclosed that they had insured a house for the principal defendant, and had been notified that it was burnt during the life time of the policy, and that they had declined to pay the loss, on the ground that it was occasioned by design or gross negligence, on the part of the insured. An issue was then presented in the following form : —

" And now the Monmouth Mutual Fire Ins. Co. come and defend when, &c., where, &c., and say that they are ready to prove, when and where the Court shall direct, and now offer to prove, that the dwellinghouse, mentioned in their foregoing disclosure, and in the policy of insurance referred to therein, was burned, either through the gross negligence of said Hobbs, or fraudulently and by design, on his part, wherefore they pray judgment, that they may be discharged and for their costs.         " By Seth May, their Att'y."

" And now the plaintiff, in view of the disclosure and allegations of the trustees aforesaid, says, as matter of fact, that the dwellinghouse insured by the policy referred to, did not burn either through the gross negligence of said Hobbs, or fraudulently and by design on his part ; and of this he puts himself on the country.

           " By J. H. Williams, his Att'y."

" And the Mon. Mut. Fire Ins. Co. likewise.

           " By S. May, their Att'y."

The supposed trustees then desired leave to amend their allegation, by inserting the following additional averment, to wit : —

" And the said supposed trustees further say, and offer to

prove, that the dwellinghouse insured by the policy aforesaid, was not, at the time of said insurance nor afterward, of the value mentioned in said policy and application therefor, but was of much less value."

The Judge declined granting leave to amend, except upon terms. These terms the trustees refused to yield, claiming the amendment as a right.

Thereupon the parties to the issue thus raised, proceeded, under direction of the Court, to a trial by the jury, upon the evidence adduced by them respectively; the supposed trustees having the opening and close.

The plaintiff contended in argument, that it was incumbent on the trustees to satisfy the jury, beyond a reasonable doubt, of the truth of the averments in their plea. It was admitted by the counsel for the trustees that the burden of proof was upon them, and that it was the same burden as in criminal cases; but it was contended that the rule of law as to the amount of proof was now the same in both civil and criminal cases, whatever it may formerly have been, and that nothing more is now required, in either class of cases, than reasonable satisfaction.

The Judge instructed the jury, that the burden of proof was upon the trustees, and that it was incumbent on them to satisfy the jury *beyond a reasonable doubt* of the truth of their allegations in the pleadings. He at the same time defined the term "*reasonable doubt*" to be such a doubt as, if felt by an intelligent, conscientious, and reasonable man, would occasion mental distress, *if disregarded by him; or, in other* words, such a substantial doubt as would hold in suspense the judgment of an intelligent, reasonable, conscientious man.

The jury retired, and after some time returned into Court, saying there was doubt in the minds of some of the jurors, whether this was to be treated by them as a civil or criminal matter.

Thereupon the Judge instructed them that it was a civil suit, but was of a class of cases distinguished from ordinary civil proceedings, in this; that generally, in civil cases, juries

are authorized to decide upon a preponderance of evidence, whereas in this case, as in criminal proceedings, they must be satisfied, *beyond any reasonable doubt,* as had been explained to them before they first retired.

The jury, after further retirement, rendered a verdict, " that the dwellinghouse, mentioned in the disclosure of the trustees, and in the policy of insurance, was not burned through the gross negligence of said Hobbs, or fraudulently and by design, on his. part, in manner and form as the said trustees have alleged."

To the instructions of the Judge, and to his ruling on the motion to amend, the trustees excepted.

*May,* for the trustees.

The admission by counsel, that the burden of evidence upon the trustees was the same as in criminal cases, was based upon a legal notion which may perhaps not be tenable in its extremest extent.

The counsel *then* considered that evidence, which should produce *reasonable satisfaction,* could be no other than that which should *exclude reasonable doubts ;* — that no mind could have *reasonable satisfaction* of the existence of a fact, while it had a *reasonable doubt* of it. A reasonable doubt was defined by the Judge to be one, which, if felt by an intelligent, conscientious and reasonable man, would, if not yielded to, create mental distress; or would hold his judgment in suspense.

It seemed to the counsel difficult to perceive how a mind, *reasonably held in suspense,* could be *reasonably satisfied ;* or how reasonable suspense and reasonable satisfaction could coëxist ; or how a mind could have *reasonable satisfaction* of a fact, or what is the same thing a *reasonable conviction* of it, while it maintained a doubt which, if overruled, would create mental distress. But there are decisions, which claim a wide distinction, and assert that, for the dislodgment of reasonable doubt, a higher degree of evidence is requisite, than is necessary for imparting reasonable satisfaction.

Against those decisions we do not now contend. It is not

necessary for us to controvert them. But it will, however, be observed that, in the admission of the counsel, it was expressly stated to be no more than that the evidence must be such as to produce reasonable satisfaction.

What we now insist upon is, that the instruction to the jury was erroneous, in requiring of us any thing more than *preponderating evidence.*

The instruction was that, generally, civil cases might be decided upon a *preponderance of evidence,* but that, in this case, it was necessary to satisfy the jury *beyond a reasonable doubt.* The authorities show, that the necessary strength of proof varies according to the nature of the case ; in some classes of cases preponderating evidence being sufficient, and others full proof being required. *Thayer* v. *Boyle,* 30 Maine, 475 ; 1 Stark. Ev. 450.

The trustees had alleged two facts, viz, the burning of the house by *design* and the burning of it through *gross carelessness.* The establishment of *either* of these facts would be a discharge of the trustees. For it will not be denied that they could not be held liable, if the house was burnt by the insured through design. And it is equally certain that they could not be held liable, if the burning was through his carelessness. *Chandler* v. *Worcester M. F. Ins. Co.* 3 Cush. 328.

If, in relation to *either* of the charges, preponderating evidence was sufficient, the exceptions will be sustained. The one allegation imported an aggravated crime, a felony; the other imported no crime. In attempting to establish the former, there was a legal presumption of innocence to be encountered and overcome ; and therefore full proof might well be required. In relation to the other allegation, no such presumption was to be met, and therefore preponderating evidence was sufficient. The issue was merely one of *negligence,* and that is but an " ordinary civil proceeding," requiring but the strength of evidence belonging to such cases. Yet the instruction to the jury was, that *this case,* in regard to the requisite strength of testimony, was distinguished from

such cases, and required the same strength of evidence as in a trial for crime ; thus requiring a charge of mere negligence to be supported by evidence equally strong with that needed to convict of the highest crime. This we hold to have been erroneous.

In a suit between the parties to the insurance policy, involving simply an issue of negligence, such full measure of proof would not have been required.

But it is respectfully submitted, that in order to discharge the trustees, the law does not require such full strength of evidence, as might be necessary in a suit upon the policy against the insurers. *United States* v. *Langdon*, 5 Mason, 280.

Trustees are often discharged upon a mere statement of their belief. *Cleveland* v. *Clap*, 5 Mass. 202 ; *Crossman* v. *Crossman*, 21 Pick. 21 ; *Chase* v. *Bradbury*, 17 Maine, 89.

*J. H. Williams*, for the plaintiff.

SHEPLEY, C. J. — The proceedings in forming an issue were authorized by the provisions of the statute, c. 119, § 33 and 34. After it had been formed, any amendment of it was a matter to be submitted to the judicial discretion of the Court.

A trustee may, in certain cases, be discharged, when from a disclosure of the facts it appears to be doubtful, whether he is indebted to the principal. Such a rule is not applicable to a case like the present, in which the trustee appears to be chargeable, unless this result can be avoided by proof of facts put in issue by him. When, by the provisions of the statute, the jury are in such cases to decide upon the truth of the allegations made, to procure a discharge those facts must be fully proved by the trustee. He is in a condition similar to that of a debtor, who must offer full proof of payment.

To establish the alleged fact, that the building was burnt fraudulently or by design on the part of the principal, the proof should be such as to satisfy the jury beyond a reason-

able doubt. *Thurtell* v. *Beaument*, 1 Bing. 339 ; *Thayer* v. *Boyle*, 30 Maine, 475.

With respect to the allegation of gross negligence it may be observed, that the burden was upon the company to relieve itself from payment of a sum apparently due. When it proposed to do this by proof of gross negligence on the part of the person, to whom the money was payable, there is stronger reason for requiring full proof.

In the case of *Aeby* v. *Rapelye*, 1 Hill, 9, the defendant proposed to prove usury ; and instructions were requested, that they would not be entitled to a verdict, unless they had established the usury beyond a reasonable doubt. This was refused ; and the jury were instructed that it was enough if they were satisfied of the fact of usury. The Court held, that proof of usury to satisfy a jury beyond a reasonable doubt and proof to satisfy them of the fact was substantially the same.

In this case no distinction was made at the trial between the proof required to establish the different allegations put in issue. In the admission of counsel respecting the burden of proof, no such distinction was made. The reason why the counsel and the Court made no such distinction, if any should have been made, may have been, that the testimony introduced did not require it. Under such circumstances there can be no just cause of complaint, that no such distinction was made in the instructions to the jury.

*Exceptions overruled.*

WELLS, HOWARD and HATHAWAY, J. J., concurred.